# United States District Court
# for the Southern District of Georgia
# Statesboro Division

| | | |
|---|---|---|
| OTIS ALEXANDER, III, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | CV618-050 |
| | ) | CR613-015 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation (R&R), dkt. no. 56, to which objections have been filed, dkt. no. 57. Conceding that his motion is indeed "numerically second" and thus successive, Alexander explains that his application to pursue a successive 28 U.S.C. § 2255 motion is "pending in the Eleventh Circuit" and "requests that this case be held in abeyance" pending the Court of Appeals' decision on his application. Id. at 1. But, as explained in the R&R, this Court lacks jurisdiction to address matters under § 2255 absent permission from the Eleventh Circuit. Dkt. No. 56 at 1-3 (citing, *inter alia*, In re Bradford, 830 F.3d 1273, 1277 (11th Cir. 2016); Carter v. United States, 405 F. App'x 409, 410 (11th Cir. 2010); United States v. Holt, 417 F.3d 1172, 1175 (11th

Cir. 2005)). That includes leaving his case open while the Eleventh Circuit considers his application. Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court and Movant's motion is **DENIED** without prejudice.

Further, a prisoner seeking relief under 28 U.S.C. § 2255 must obtain a certificate of appealability ("COA") before appealing the denial of his application for writ of habeas corpus. 28 U.S.C. § 2253(c)(1)(B). This Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) to the Rules Governing Section 2255 Proceedings. This Court should grant a COA only if the prisoner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in the Report and Recommendation, and in consideration of the standards enunciated in Slack v. McDaniel, 529 U.S. 473, 482-84 (2000), movant has failed to make the requisite showing. Accordingly, a COA is **DENIED** in this case.[1] Moreover, because there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Accordingly, movant is not entitled to appeal *in forma pauperis*. See 28 U.S.C.

---

[1] "If the court denies a certificate, [a party] may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) to the Rules Governing Section 2255 Proceedings.

§ 1915(a)(3).

SO ORDERED this 29 day of May, 2018.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA